UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCOTT MICHAEL P.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. C22-5770-RSM

**ORDER REVERSING DENIAL OF BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff seeks review of the denial of his applications for Supplemental Security Income and Disability Insurance Benefits. Plaintiff contends the ALJ erred by rejecting his symptom testimony and the medical opinion evidence. Dkt. 11. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is 52 years old, has at least a high school education, and has worked as a software test engineer. Admin. Record (AR) 33–34. In November 2018, Plaintiff applied for benefits, alleging disability as of January 1, 2016. AR 87–88, 101–02, 117–18, 134–35. Plaintiff later amended his alleged onset date to June 5, 2019. AR 49. Plaintiff's applications were denied initially and on reconsideration. AR 100, 114, 132, 149. After the ALJ conducted

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 1

a hearing in May 2021, the ALJ issued a decision finding Plaintiff not disabled.  AR 13–84.

## DISCUSSION

The Court may reverse the ALJ's decision only if it is legally erroneous or not supported by substantial evidence of record.  *Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).  The Court must examine the record but cannot reweigh the evidence or substitute its judgment for the AL's.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  When evidence is susceptible to more than one interpretation, the Court must uphold the ALJ's interpretation if rational.  *Ford*, 950 F.3d at 1154.  Also, the Court "may not reverse an ALJ's decision on account of an error that is harmless."  *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

### 1.  Plaintiff's Testimony

Plaintiff testified he is unable to work due to his depression and anxiety.[1]  AR 59.  He stated that due to his depression, he often lacks interest in doing anything, spends most of his time in bed, cannot cope with everyday situations, has difficulties with maintaining attention and concentration, fails to complete any of his tasks, and neglects his personal care.  AR 62–73.  He stated that due to his anxiety, he has panic attacks, tries to leave the grocery store as soon as he can to avoid the public, and never seeks out company.  AR 65–66, 73–75.

Where, as here, an ALJ determines that a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity "by offering specific, clear and convincing reasons for doing so." *Garrison v.*

---

[1] Plaintiff also testified to having symptoms from his physical impairments, but because Plaintiff only challenged the ALJ's evaluation of his mental health symptoms in his Opening Brief, the Court does not address the ALJ's evaluation of Plaintiff's physical symptoms.  *Carmickle v. Comm'r SSA*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address an ALJ's finding because the plaintiff "failed to argue th[e] issue with any specificity in his briefing").

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 2

*Colvin*, 759 F.3d 995, 1014–15 (9th Cir. 2014). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

The ALJ rejected Plaintiff's testimony due to its inconsistency with objective medical evidence, namely Plaintiff's normal mood and affect, intact cognition, denial of suicidal ideation, as well as his pleasant and cooperative demeanor. AR 24–29. "When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt*, 53 F.4th at 498. The Court does not find Plaintiff's largely normal presentation necessarily inconsistent with Plaintiff's testimony. Plaintiff explained his depression greatly affects his motivation levels, so much so that he is unable to attend to his personal care. *See* AR 70–73. The evidence the ALJ relied on reflects this—they show his depressive symptoms are severe and his motivation low for basic things, such as cleaning and hygiene. *See* AR 713, 716, 728, 743, 756–78, 809, 816.

The ALJ also noted that Plaintiff's testimony regarding his low motivation and mood levels was inconsistent with his reported activities. AR 27–29. An ALJ may reject a plaintiff's symptom testimony based on his daily activities if they contradict his testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). Here, the ALJ focused on Plaintiff's ability to walk his friend's dog, take care of his pet, cook for others, do his laundry, and garden. *Id*. But those same notes also show that even while performing these activities, Plaintiff reported poor concentration, low motivation for cleaning and hygiene, and high anxiety when leaving his house or facing crowds. AR 716–17, 743, 754, 756, 816.

The ALJ also found Plaintiff experienced improvement with his symptoms from therapy

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 3

and medication. AR 25. However, Plaintiff's reports of improvement varied. There were occasions when he found medication helpful for his sleep, but the records indicate this was not constant. AR 743, 778. Plaintiff expressed optimism about his counseling and reported having more energy, connecting with peers, and regularly walking his friend's dog, but other treatment notes show his symptoms were worsening, he had not done household chores for months, and had stopped walking his friend's dog. *Compare* AR 735, 778, 865, 897, 1055 *with* AR 754, 816, 1075–76, 1090. The Court notes that other treatment notes throughout the record, especially more recent ones, reflect, rather than undermine, Plaintiff's testimony. In addition to showing that Plaintiff's depression continued to affect his inability to manage self-care, they show Plaintiff repeatedly failed to follow recommended treatment for his mental health and seek further treatment for his physical ailments. *See* AR 811, 823, 837, 846, 863, 1057, 1073.

The ALJ also found inconsistencies in the record regarding Plaintiff's alcohol and cannabis use. AR 28 (citing AR 738, 742, 748, 1109, 1057, 1076). This finding is supported by the record, but given that the Court has found the bulk of Plaintiff's record reflective of Plaintiff's testimony, the Court finds this inconsistency a weak reason that fails to meet the required standard the ALJ must abide by to permissibly reject a claimant's testimony. *See Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014) (finding that an ALJ's "one weak reason," even if supported by substantial evidence, is "insufficient" to meet the standard for rejecting a claimant's testimony). Overall, the Court finds the ALJ's reasons for rejecting Plaintiff's testimony do not have the "power to convince." *See Smartt*, 53 F.4th at 499. Accordingly, the Court finds the ALJ erred.

**2. Medical Opinion Evidence**

ALJs must consider every medical opinion in the record and evaluate each opinion's

persuasiveness, with the two most important factors being "supportability" and "consistency." *Woods v. Kijakazi*, 32 F.4th 785, 791 (9th Cir. 2022); 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Supportability concerns how a medical source supports a medical opinion with relevant evidence, while consistency concerns how a medical opinion is consistent with other evidence from medical and nonmedical sources. *See id.*; 20 C.F.R. §§ 404.1520c(c)(1), (c)(2); 416.920c(c)(1), (c)(2). Under the new regulations, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence." *Woods*, 32 F.4th at 792.

### a. Dr. Wingate

Dr. Wingate opined Plaintiff has moderate limitations with understanding, remembering, and persisting in tasks following detailed instructions; learning new tasks; adapting to changes in a routine work setting; asking simple questions or requesting assistance; communicating and performing effectively in a work setting; and setting realistic goals and planning independently. AR 979–80. Dr. Wingate also opined Plaintiff has marked limitations with performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances without special supervision; maintaining appropriate behavior in a work setting; and completing a normal work day and work week without interruptions from psychologically based symptoms. *Id*.

The ALJ rejected Dr. Wingate's opinion because they were not supported by his mental status examination findings showing Plaintiff presented with good grooming, pleasant and cooperative attitude and behavior, and normal memory and concentration on examination. AR 31. The ALJ also rejected Dr. Wingate's opinion because they were inconsistent with "generally

normal mental status examination findings" throughout Plaintiff's record. *Id*. (citing AR 614, 625, 650, 670, 685, 697, 698, 713–14, 728, 735, 738, 788, 851, 862, 973–76, 1055, 1075–76).

The ALJ's assessments are not completely supported by substantial evidence. The ALJ could reasonably find Dr. Wingate's proposed limitations regarding Plaintiff's ability to persist unsupported and inconsistent given that Dr. Wingate, as well as Plaintiff's other medical providers, found his concentration or cognition intact. *See* AR 713, 784, 810, 862, 1055, 1081–82, 1089. However, such findings, as well as the other findings the ALJ pointed to—normal mood, normal memory, appearing "delightful" or "pleasant"—do not necessarily have any bearing on Plaintiff's limitations in learning new tasks, adapting to changes, or following and maintaining a work schedule. The ALJ's assessment is further undercut by the numerous reports of Plaintiff's inability to manage his self-care and follow or seek further treatment for both his mental and physical ailments. *See* AR 811, 823, 837, 846, 863, 1073, 1090. Such reports suggest Plaintiff would have the kind of difficulties Dr. Wingate proposed, but the ALJ overlooked them and did not explain how they are inconsistent with Dr. Wingate's opinion. Thus, in rejecting Dr. Wingate's opinion, the ALJ erred.

      **b.**    **Dr. Widlan**

Dr. Widlan completed a psychological evaluation of Plaintiff in April 2021 and opined that based on Plaintiff's mental status examination and clinical interview, Plaintiff cannot persist with adequate pace, he could become easily overwhelmed by task demands, does not appear able to consistently negotiate simple stressors on a routine basis due to severe panic attacks, and has considerable deficits in activities of daily living. AR 1113. He further opined that "the stress of employment would lead to increased likelihood of decompensation" and Plaintiff "meets the mental health lists for depression and anxiety." *Id.*

The ALJ rejected Dr. Widlan's proposed limitations for its inconsistency with Plaintiff's record, namely Plaintiff's other mental status examination results. AR 32–33. The ALJ's assessment is not completely supported by substantial evidence. The ALJ did not err in declining to discuss how he evaluated Dr. Widlan's opinion that Plaintiff would most likely meet the "mental health lists for depression and anxiety," since the regulations state such statements are neither "valuable nor persuasive." *See* 20 C.F.R. §§ 404.1520b(c)(3), 416.920b(c)(3); AR 33. The ALJ could also reasonably reject Dr. Widlan's opinion regarding Plaintiff's inability to persist with adequate pace given several of Plaintiff's examinations show he had intact concentration and attention. *See* AR 635, 653, 663, 736, 758, 896. However, the same findings, as well as Plaintiff's normal memory, insight, and judgment, are not necessarily inconsistent with the rest of Dr. Widlan's opinion that Plaintiff is unable to handle work-related demands and stressors. The ALJ also failed to touch upon reports of Plaintiff's inability to manage his self-care and follow or seek further treatment for both his mental and physical ailments. *See* AR 811, 823, 837, 846, 863, 1057, 1073. These reports are more in line, rather than inconsistent, with Dr. Wingate's proposed limitations, and the ALJ made no explanation as to how they contradict Dr. Wingate's opinion. Accordingly, in rejecting Dr. Wingate's opinion, the ALJ erred.

**3.      Scope of Remedy**

Plaintiff cursorily argues the Court remand this matter for an award of benefits, or alternatively, for a new hearing. Dkt. 11 at 10. Remand for an award of benefits "is a rare and prophylactic exception to the well-established ordinary remand rule." *Leon v. Berryhill*, 880 F.3d 1041, 1044 (9th Cir. 2017). Plaintiff has not analyzed the factors the Court considers before remanding for an award of benefits, nor shown any rare circumstances. The Court will remand for further administrative proceedings.

ORDER REVERSING DENIAL OF
BENEFITS AND REMANDING FOR
FURTHER PROCEEDINGS - 7

The ALJ shall reevaluate Plaintiff's testimony and the medical opinions of Dr. Wingate and Dr. Widlan regarding his mental health symptoms.  The ALJ shall reevaluate all relevant steps of the disability evaluation process, and conduct all proceedings necessary to reevaluate the disability determination in light of this order.

## CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

DATED this 26th day of September, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE